IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AARON COMBS, et al., for himself and all others similarly situated, | : : : | Case No. 3:16-cv-295 |
| | : | Judge Thomas M. Rose |
| Plaintiffs, | : : | |
| v. | : : | |
| THE TWINS GROUP, INC. | : : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION, EXPEDITED DISCOVERY AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS (DOC. 2)**

This case is before the Court on the Motion for Conditional Class Certification, Expedited Discovery and Court-Supervised Notice to Potential Opt-in Plaintiffs ("Motion for Conditional Certification") (Doc. 2) filed by Plaintiff Aaron Combs.  Combs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111, for the alleged failure to pay overtime by Defendant The Twins Group, Inc. ("Twins Group").  (Doc. 1 at ¶¶ 1, 11-22.)  Combs alleges that he worked for Twins Group as a crew member at its Taco Bell restaurant located in Moraine, Ohio.  (*Id.* at ¶ 11.) He seeks compensation for approximately fifty (50) hours of unpaid overtime worked during a two-week period from March 22, 2016 to April 5, 2016.  (*Id.* at ¶ 16.)

By the Motion for Conditional Certification now before the Court, Combs seeks conditional certification of a class of approximately twelve other Taco Bell employees who are also allegedly owed compensation for overtime hours worked during the same two-week period. Specifically, Combs moves for entry of an order conditionally certifying a class or potential opt-in

plaintiffs under the FLSA, requiring Twins Group to identify through discovery the other Taco Bell employees who are allegedly owed overtime compensation, and approving a procedure for providing notice of Combs's FLSA claim to the class. The Motion for Conditional Certification is fully briefed and ripe for review. (Docs. 8, 9.) For the reasons below, the Court **DENIES** the Motion for Conditional Certification.

## ANALYSIS

The FLSA requires employers to pay time-and-a-half for employee labor exceeding forty hours per week. 29 U.S.C. § 207(a). Employees can bring an action for failure to pay overtime under the FLSA on their own behalf and on behalf of "similarly situated" persons. Section 216(b) of the FLSA establishes two requirements for a representative action: (1) the plaintiffs must be "similarly situated," and (2) the plaintiffs must provide their affirmative consent in writing to participate in the action. 29 U.S.C. § 216(b); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). This type of suit, where similarly situated persons must "opt-in" to the suit in order to participate, is called a collective action. In contrast, in a class action under Fed. R. Civ. P. 23, similarly situated persons are included within the class unless they elect to exclude themselves, or "opt out."

"Certification in FLSA collective actions often follows two steps: conditional and final certification." *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-0159, 2013 WL 435058, at *4 (S.D. Ohio Feb. 5, 2013). "The first stage, conditional certification, occurs at the beginning of the discovery process and the second stage, final certification, occurs after all class plaintiffs have decided whether to opt-in and after all or most discovery has concluded." *Id.* (citing *Comer*, 454 F.3d at 546; *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012)). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a

representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White*, 699 F.3d at 877 (quoting *Comer*, 454 F.3d at 547). If the court grants conditional certification, the plaintiff sends notice to proposed class members and they are afforded an opportunity to opt-in to the action. *Rutledge*, 2013 WL 435058 at *4. The second stage, or final certification, "warrants 'a stricter standard' than the conditional certification stage because it occurs near the end of discovery." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). At this stage, "trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)). At the final certification stage, a defendant also may, if appropriate, file a motion to decertify. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D.Ohio 2011).

As to the question now before the Court, whether Combs's co-workers are similarly situated, the Sixth Circuit has observed that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016). However, "[s]howing a 'unified policy' of violation is not required" to support conditional certification of a collective action. *Id*. at 584. Plaintiffs may also meet the similarly situated requirement if they demonstrate that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id*. at 585; *see Harrison v. McDonald's Corp.*, 411 F.

3

Supp. 2d 862, 865–66 (S.D. Ohio 2005) (plaintiff must establish a "colorable basis" for allegation that others are similarly situated to obtain conditional certification) (quotation marks and citations omitted); *see also Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (at the initial notice stage, "the named plaintiff need only show that [his] position [is] similar, not identical, to the positions held by the putative class members").  Courts may consider the following factors to guide their decision on conditional certification:  (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; (3) whether evidence of a widespread discriminatory plan was submitted; and (4) whether a manageable class exists as a matter of "sound class management."  *Sisson v. OhioHealth Corp.*, Case No. 2:13-cv-0517, 2013 WL 6049028 (S.D. Ohio Nov. 13, 2013).

Combs seeks to conditionally certify a class made up of all persons employed by Twins Group as crew members at its Taco Bell restaurant at 3019 Kettering Boulevard, Moraine, Ohio between March 22, 2016 and April 5, 2016, who were classified as non-exempt employees and were not paid time-and-a-half for all hours worked in excess of 40 hours per workweek.  Twins Group argues that Combs has not come forward with sufficient evidence to support a finding that he and the putative class members are similarly situated.  (Doc. 8 at 1-2 (citing *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 865, 868 (S.D. Ohio 2005)).)  Specifically, Twins Group argues that Combs's declaration—the only evidence that he submitted—amounts to nothing more than an allegation that Combs and the crew members are similarly situated because it is unsworn and does not establish that he has personal knowledge of the asserted facts.  (Doc. 8 at 2.)

The objection to the declaration as unsworn is not well founded.  In federal court, an unsworn declaration has the same force and effect as a sworn affidavit so long as it is made under penalty of perjury that it is "true and correct."  28 U.S.C. § 1746.  Combs's declaration meets this

4

requirement. The second objection—that Combs fails to establish that he has personal knowledge of the facts asserted—has merit. Under Fed. R. Civ. P. 56(c)(4), a declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters asserted." *See also* Fed. R. Evid. 602 (witness may testify to matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter). Combs asserts in his declaration that he and the other Taco Bell crew members worked overtime hours for which they were not properly paid during the same two-week period. It may be reasonable to infer that Combs observed other crew members working overtime hours (supporting that assertion), but there is no basis to infer how he also came to know that they were not paid for their overtime hours.

The Sixth Circuit has not addressed the evidentiary standard that applies at the conditional certification stage of an FLSA collective action. As a result, some district courts in the Sixth Circuit consider only admissible evidence at this stage—as on summary judgment, while others have permitted plaintiffs to rely on mere allegations of a class-wide practice in their complaints. *Harrison*, 411 F. Supp. 2d at 868 (citing *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Courts that have not held plaintiffs to the same evidentiary standards applicable to motions for summary judgment have reasoned that requiring "'more at this stage of litigation would defeat the purpose of the two-stage analysis' under Section 216(b)." *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 639 (W.D. Tenn. 2009) (quoting *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006)); *see also Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 (N.D. Ohio 2015).

The rationale for applying a less rigorous evidentiary standard at this stage of the litigation is sound. Early in a case, before discovery has commenced, many plaintiffs are not in a position

5

to make the same showing to support their allegations that they would be prepared to make at trial. After discovery is complete, defendants will have an opportunity to move to decertify the collective action if that is appropriate. Nonetheless, some factual showing is required at this stage. Even in *O'Neal v. Emery Federal Credit Union*, the case cited by Combs as applying a lower evidentiary standard, the court noted that "to warrant a finding that similarly situated employees exist, a plaintiff's declaration must at least allege facts sufficient to support an inference that she has *actual knowledge* about other employees job duties, pay structures, hours worked, and whether they were paid for overtime hours." *O'Neal*, No. 1:13-CV-22, 2013 WL 4013167 at *8 (S.D. Ohio Aug. 6, 2013) (emphasis in original) (citing *Noble v. Serco, Inc.*, No. 3:08–76–DCR, 2009 WL 3154252, at *3 (E.D. Ky. Sept. 28, 2009)).

Here, Combs has failed to present sufficient evidence to support a finding that he and the other crew members are similarly situated, even under a more lenient evidentiary standard. Combs's declaration does not contain facts showing that he has actual or even constructive knowledge that his fellow crew members at Taco Bell worked overtime hours for which they were not paid. Such a showing could be made at this early stage by, for example, demonstrating that Combs's knowledge is based on first-hand observations or conversations with co-workers. *O'Neal*, 2013 WL 4013167 at *8. Without a proper foundation, Combs's declaration is merely a restatement of the Complaint's allegations. Permitting this case to proceed as a collective action on so little evidence would effectively eliminate the requirement that plaintiffs must make at least a "modest factual showing" that they are similarly situated to obtain conditional certification. *Comer v. WalMart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). As Combs has not made that showing, the Court need not consider his request for expedited discovery and approval of a plan to provide notice to potential opt-in plaintiffs.

## **CONCLUSION**

Combs's Motion for Conditional Certification (Doc. 2) is **DENIED** without prejudice to renewal if Combs can make the factual showing required by 29 U.S.C. § 216(b).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, December 14, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
