UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AARON M. COMBS,

    Plaintiff,

vs.

THE TWINS GROUP, INC.,

    Defendant.

Case No. 3:16-cv-295

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER DENYING DEFENDANT'S UNOPPOSED MOTION FOR
LEAVE TO FILE UNDER SEAL (DOC. 21) WITHOUT PREJUDICE**

---

This Fair Labor Standards Act ("FLSA") case is before the Court on Defendant's unopposed motion for leave to file a joint motion for approval of a settlement agreement under seal. Doc. 21. In support of the motion to file under seal, Defendant states only that, "[a]s part of the parties' settlement discussions, the parties negotiated a confidentiality provision with respect to the terms of the settlement." *Id*. at PageID 99.

The Sixth Circuit "recently clarified the 'stark difference' between court orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings[.]" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). "Secrecy is acceptable at the discovery stage[.]" *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954, 2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016). However, "very different considerations apply" when parties seek to file "material in the court record." *Rudd Equip.*, 834 F.3d at 593 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). When

parties seek to file material as part of the record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'" *Id*. As a result, "the public is entitled to assess for itself the merits of judicial decisions." *Id*. (quoting *Shane Grp.*, 825 F.3d at 305).

Thus, a party maintaining that records should be sealed from public view upon filing bears the heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (2016); *see also Rudd Equip*, 834 F.3d at 593-94. Such burden applies even where no "party objects to the motion to seal." *See id*. "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. at 305. As a result "[t]he proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06.

The undersigned concludes that Defendant fails to meet the burden to seal court records as required by the Sixth Circuit. In fact, one district court recently denied a similar request in a FLSA case. *Lee v. Asurian Ins. Servs., Inc.*, 206 F. Supp. 3d 1307, 1309 (M.D. Tenn. 2016). Accordingly, Defendant's motion is **DENIED**, but **WITHOUT PREJUDICE** to refiling.

    **IT IS SO ORDERED.**

Date:  May 4, 2017                            s/ Michael J. Newman
                                                                       Michael J. Newman
                                                                       United States Magistrate Judge